## Fred A. Leslie, Appellee, v. Joliet Bridge & Iron Company, Appellant.

### Gen. No. 5,075.

1. EVIDENCE—*when general objection does not avail.* A general objection to evidence relative to expenses in searching for employment does not avail to raise on review the question of the failure to specify items.

2. VARIANCE—*when not fatal.* A slight variance is not fatal to a verdict apparently just.

3. INSTRUCTIONS—*when may assume facts.* An instruction may properly assume the existence of facts which are undisputed.

4. INSTRUCTIONS—*when upon quantum of evidence properly refused.* An instruction which requires that the jury must be "satisfied" is properly refused in that it requires too great a *quantum* of proof.

5. ASSUMPSIT—*when recovery may be had under common counts.* Recovery may be had under the common counts if nothing remains to be done but the payment of money.

Assumpsit. Appeal from the County Court of Will county; the Hon. GEORGE J. COWING, Judge, presiding. Heard in this court at the October term, 1908. Affirmed. Opinion filed March 24, 1909.

C. W. BROWN, for appellant.

J. W. DOWNEY, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

Fred A. Leslie, appellee, brought this suit in *assumpsit* in the County Court of Will county against the Joliet Bridge and Iron Company, appellant, to recover upon a verbal contract for services rendered as a draftsman. The declaration contained a special and the common counts. The special count alleged that on March 2, 1907, appellant entered into a contract with appellee, by which appellee agreed to work as a draftsman for appellant from that date to March 1, 1908, for the sum of $125 per month, payable bi-monthly on the 5th and 20th of each month,

and $15 per month to be paid on March 1, 1908, with six per cent interest thereon, in the event appellee did not quit appellant's service during the term of said contract; and that appellee commenced work thereunder on March 2, 1907, and continued to work until December 14, 1907, when he was discharged without cause and prevented from carrying out such contract; and further alleged his willingness to perform the terms of such contract, but that he was prevented from so doing by the wrongful act of appellant in discharging him; that he demanded the amount due and appellant refused to pay the same. To the declaration was attached an affidavit, stating that there was due, on the contract, $503.30. Appellant filed a plea of non-assumpsit, and a special plea alleging that the agreement was not in writing, and that it was not to be performed within one year from the time it was made. To this plea was attached an affidavit made by appellant's president that appellant had a good defense to said suit upon the merits to all of appellee's demand except $142.50. Appellee joined issue on the plea of non-assumpsit; and, to the special plea, replied that each and every one of said several promises was an agreement which was to be performed within the space of one year from the time of the making thereof; and concluded with a tender of an issue to the country. Issues were joined and a trial had, resulting in a verdict for appellee for $492.50, which is the amount of wages at the specified rate from the date of the discharge to March 1, 1908, and of the bonus for the entire year, without interest. A motion for a new trial was denied. Judgment was entered on the verdict, and the company appealed.

Appellee's proof was to the effect that the oral contract set out in the special count was made March 2, 1907, and that it was to end March 1, 1908. If that testimony was true, the contract was to be performed within a year. Appellant's proof tended to show that the contract was made on February 23, 1907, and was

to take effect March 1, 1907. If this was true, then it was not all to be performed within a year, and appellant's special plea stated a defense as to the unexecuted part of the contract. This presented a question of fact upon which the proof was conflicting, and the burden was upon appellant. There are circumstances in evidence tending to support appellee's theory, and other circumstances tending to support appellant's. Much depended upon the veracity of the witnesses. They were seen and heard by the jury and trial judge. The jury credited appellee's witnesses and the trial judge approved their verdict. From our examination of the entire evidence, we do not find that appellant had a preponderance in its favor. Therefore, we do not feel at liberty to disturb the conclusions of the jury bearing the approbation of the trial judge.

Appellee in support of his testimony that the contract was made March 2, 1907, and was to end March 1, 1908, offered in evidence a letter, dated February 25, 1907, from the Decatur Bridge Works, a corporation seeking his services, and testified that, in negotiating the contract, he showed this letter to appellant's president and that the latter read and commented upon it. If this is true, and the letter was dated February 25, 1907, that fact is contradictory of appellant's theory that the contract was negotiated on February 23, 1907. Appellant's president denied seeing or reading the letter. Whether or not he saw the letter and talked about its contents, was a question of fact for the jury. Appellant urges that the court erred in admitting the letter in evidence over its objection. The record discloses that the court held that only its date was competent, and that was all that was read to the jury. In this, in our opinion there was no error.

Appellee testified that after he was discharged, he went to several places searching for work in his line of employment; that he applied to several structural

iron firms in Chicago, but was unable to get employment; did a few small jobs, worked two nights at Rockdale for the Joliet Steel Construction Company, did a little work for Purdy & Henderson, did work for one Heiser; but did not earn over $50; and that his expenses searching for work amounted to more than that sum. Appellant made only a general objection to the evidence relative to appellee's expenses in searching for other employment, but now urges that he should have shown the items so that their necessity and reasonableness could be determined. Had the objection been thus specific, doubtless the items would have been furnished. As it was general, appellant has no just cause of complaint.

It is urged that the second and fifth instructions given for appellee were erroneous. The second was upon the contract as set out in the special count and testified to by appellee. The special count averred, and the instruction treated, the $125 as payable bimonthly, on the 5th and 20th of each month, while appellee and his witness, appellant's chief draftsman, who hired him, did not state that the salary was payable bi-monthly. It, however, appears that appellee had then been in the employ of appellant for four years, and that it was appellant's custom to pay the men bi-monthly, on the 5th and 20th of each month. In view of this we think the jury, in the absence of proof to the contrary, were warranted in finding that the $125 per month was to be paid in the manner in which appellant was accustomed to pay its employes, and a verdict otherwise just should not be disturbed on a variance so slight and immaterial.

The fifth instruction told the jury that it was appellee's duty after being discharged, to make a reasonable effort to obtain other employment during the unexpired portion of the term of the contract, and if he did not obtain other remunerative employment, the amount expended, if any, in obtaining such employment should be deducted from the amount received by

him, and the balance, if any, credited to appellant. If there had been any controversy as to whether or not the money so expended was necessarily and properly expended in searching for such employment, the instruction should have been qualified in that particular. But as there was no question of that kind raised by the evidence, no harm was done by the absence of such qualification of the instruction.

Appellant contends that the court erred in refusing its fourteenth and fifteenth instructions. The fourteenth was to the effect that there could be no recovery under the common counts. The proof shows that there was due appellee $15 per month as a bonus, from March 1, 1907, to the day of his discharge. That portion of the contract was executed and that sum certainly could be recovered under the common counts. Moreover, the affidavit of appellant, filed with its pleas, conceded an indebtedness of $142.50. From the affidavit filed with the declaration and the affidavit of merits filed with the pleas, admitting $142.50 due, appellee could, had he seen fit, have taken judgment for that amount at any time, and there is no doubt that the sum so conceded to be due could have been recovered under the common counts.

The fifteenth instruction was erroneous, first, because it said that the jury must be "satisfied" before they could find for the plaintiff, which is stating too strongly the quantity of proof the plaintiff must produce to warrant a recovery, and, second, it required the plaintiff to establish the special count of the declaration in order to recover, whereas a part of this demand could be recovered under the common counts.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*